UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CLIFFORD BAILEY, *et al.*,

    Plaintiffs,                   Case No. 3:17-cv-332

vs.

VERSO COPRPORATION,              Magistrate Judge Michael J. Newman
                                              (Consent Case)
    Defendant.

_____

**ORDER AND ENTRY DENYING DEFENDANT'S MOTION FOR AN INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS IN THIS COURT (DOC. 47)**
_____

This civil consent case is before the Court on Defendant's motion to file an interlocutory appeal and to stay proceedings in this Court pending such appeal. Doc. 47. Plaintiffs filed a memorandum in opposition to Defendant's motion. Doc. 48. Thereafter, Defendant filed a reply. Doc. 49. The Court has carefully considered all of the foregoing, and Defendant's motion is ripe for decision.

Courts of appeal lack "jurisdiction to review an order of the district court unless it is a final decision or otherwise appealable as an interlocutory order under 28 U.S.C. § 1292(b) or a decision certified under Fed. R. Civ. P. 54(b)." *Bosley v. Buckeye Fed. Sav. & Loan Ass'n*, 928 F.2d 1132, 1132 (6th Cir. 1991). Defendant seeks to appeal this Court's interlocutory Order denying Defendant's motion for judgment on the pleadings under 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination

>     of the litigation, he [or she] shall so state in writing
>     in such order.

28 U.S.C. § 1292(b).

To "certify an order for interlocutory appeal[,]" the undersigned must be " 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and ... [3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (emphases omitted). "The decision to certify an appeal pursuant to section 1292(b) is left to the sound discretion of the district court." *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002). In exercising such discretion, the undersigned is mindful that permitting appeals of interlocutory orders under § 1292(b) should be done "sparingly" and "only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966).

In the Order Defendant seeks to appeal, the undersigned denied Defendant's Rule 12(c) motion after finding that the terms of a collective bargaining agreement ("CBA") between the parties is patently ambiguous. Doc. 46. Such an issue, while one of law, is not the type of controlling issue § 1292(b) is meant to address. *Cf. Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind"); *Liberty Ins. Underwriters, Inc. v. Westport Ins. Corp.*, No. 04 CV 01856 WYD BNB, 2006

WL 2734304, at *2 (D. Colo. Sept. 25, 2006) ("[T]he Court's legal conclusion that" a particular contractual provision "is ambiguous is not a 'pure' legal issue as contemplated by § 1292(b)"; *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) ("While the meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a "controlling question of law" that serves as a basis for interlocutory appeal"); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 94 (S.D.N.Y. 2002) ("Differences over contract construction are not the sort of 'controlling question of law' that normally gives rise to interlocutory certification").

Based on the foregoing, the Defendant's motion (doc. 47) is **DENIED**.
**IT IS SO ORDERED.**

Date: February 15, 2019         s/ Michael J. Newman
                                Michael J. Newman
                                United States Magistrate Judge