UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CLIFFORD BAILEY, *et al.*,

    Plaintiffs,

vs.

VERSO CORPORATION,

    Defendant.

Case No. 3:17-cv-332

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING FINAL APPROVAL TO THE CLASS SETTLEMENT UNDER FED. R. CIV. P. 23; (2) DISMISSING THIS CASE WITH PREJUDICE; (3) ORDERING THE CLERK TO ENTER JUDGMENT ACCORDINGLY; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

This case is before the Court for final settlement approval under Fed. R. Civ. P. 23. A fairness hearing was held on November 17, 2021. Doc. Nos. 70, 76, 81. Counsel for the class and Defendant appeared and participated. For the reasons provided by counsel on the record during the fairness hearing, and for those given below, the Court grants final approval to the settlement under Fed. R. Civ. P. 23.

**I.**

    **A.**    **Life Insurance for Retirees and Death Benefits for Survivors**

Plaintiffs are Clifford Bailey, James Spencer, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers' International Union, AFL-CIO-CIC ("USW"). Plaintiffs filed this action under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), (e), and (f), on behalf of themselves and as representatives of a proposed class, to recover collectively-bargained $4,000 life insurance coverage and death benefits

for retirees of Defendant Verso Corporation's ("Verso") now-closed Wickliffe, Kentucky paper mill (the "Wickliffe mill"). USW represented the Wickliffe mill unit of production and maintenance employees and negotiated a series of collective bargaining agreements ("CBA") with Verso and its predecessors. Doc. No. 70.

The parties' settlement covers all retirees whose life insurance or death benefits were affected by Verso's termination. Under the settlement, all living retirees covered under the now-terminated CBA are entitled to receive a life insurance death benefit of $2,750. Verso will also directly provide beneficiaries or next of kin of any deceased class member who died prior to the insurance being reinstated with a one-time lump-sum payment of $3,000. Doc. No. 68-2. The parties sought preliminary approval of their settlement, for approval of notice, and to set the deadline for class members to object. Doc. Nos. 68, 69, 74.

**B.     Preliminary Approval of Class Action Settlement**

This Court preliminarily approved the settlement agreement ("Agreement") (Doc. No. 68-2) and proposed notice to class members. Doc. No. 70. The Court set an objection deadline and fairness hearing. Doc. Nos. 70, 76. Verso provided notice of the settlement to the appropriate state and federal officials, as specified in 28 U.S.C. § 1715 ("CAFA"). Doc. No. 71. Class counsel provided notice, along with the claim forms, to the class members. Doc. Nos. 72, 77, 80.

The class is defined as:

> All living and deceased retirees from Verso Corporation's Wickliffe, Kentucky Papermill who were affected by Verso Corporation's December 31, 2016 termination of the death benefit provided under the Parties' collective-bargaining agreement.

**II.**

Upon review of the record, the Agreement and appendices thereto, and hearing from counsel for both sides at the fairness hearing, the Court finds the following:

1. No class member objected to this settlement.

2. All class members were given notice of this action, the proposed Agreement, and other pertinent information, as ordered by the Court. Notice (Doc. No. 68-3) was reasonable, the best notice practicable, and satisfied all the requirements of Rule 23 and due process. Indeed, the majority of the retiree class returned forms and participated in the class action.

3. Verso provided appropriate notice to the applicable state and federal officials. There were no objections.

4. Approximately 169 retirees will receive from Verso a $2,750 life insurance benefit, and about twenty-six beneficiaries will each receive from Verso a one-time lump sum $3,000 payment. Doc. No. 80; *see also* Doc. No. 68 at PageID 1717–18.

5. The Court finds that the settlement reflected in the Agreement (Doc. No. 68-2) satisfies the standards for final approval of a class action settlement under Rule 23(e) and that it is fair, reasonable, and adequate.

6. Specifically, class representatives Clifford Bailey and James Spencer are adequate representative of the class members in that they are members of the class and possess the same interests, and suffered the same injuries, as other class members. Bailey and Spencer serve as class representatives without compensation. All class members, including the class representatives, are treated alike by the Agreement. No class representative or class member receives preferential treatment.

7. Both sides vigorously pressed their interests throughout this litigation and reached a mutually beneficial and informed compromise at arm's length.

8. Class counsel John G. Adam and Stuart M. Israel are qualified under Rule 23(g) and have adequately and admirably represented class members' interests. Doc. No. 70 at PageID 1795–96.

9. The relief provided to the class members under the settlement is fair, reasonable, and adequate, considering the costs, risks, and delay associated with trial and appeal. The legal landscape has become less favorable for retirees after *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015). Doc. No. 70 at PageID 1791–92.

10. The Agreement, reached by the parties. in the context of this new legal landscape, provides final resolution of the parties' legal dispute, in that it will provide to each retiree lifetime, employer-paid life insurance at $2,750. Verso will pay $3,000 to the beneficiary of a retiree who dies before the $2,750 life insurance benefits are restored and provided through the insurer. Doc. No. 68 at PageID 1717–1718; Doc. No. 68-2 at PageID 1734.

11. The Agreement provides certainty and greater security for all class members than continued litigation.

12. Class counsel John G. Adam and Stuart M. Israel will receive from Verso $80,000 in fees and $2,874 in costs under the Agreement. Doc. No. 68-2 at PageID 1736. The value of the fund is approximately $540,000.00, with approximately 195 retirees and survivors participating. Class counsels' fees and costs constitute about 15% of the common fund. Such an award is squarely within a reasonable range. Doc. No. 70 at PageID 1793.

### III.

Considering the foregoing, the Court hereby **ORDERS** that:

1. The class settlement is hereby granted final approval;

2. Verso shall implement the Agreement according to its terms;

3. Within 60 days of this Order, Verso shall:

    a. Arrange for the $2,750 life insurance benefit for the class members and have the insurer or Verso notify the retirees of the insurer name and policy number. If a retiree has not provided all the information for the Cigna form, Verso shall distribute correspondence to the retiree within 30 days of this Order requesting the missing information to complete and effectuate the insurance enrollment process. Verso shall provide such retirees with a self-addressed stamped return envelope. Insurance enrollment will be effectuated only after receipt of the requested missing information from the retiree;

    b. Send the appropriate W-9 tax form to each beneficiary and pay the one-time $3,000 lump sum benefit within 45 days of receipt of the W-9 and a valid death certificate. If a beneficiary has not yet provided a death certificate, Verso shall send correspondence to the beneficiary within 30 days of this order asking for the death certificate and shall provide the beneficiary with a self-addressed stamped return envelope. Verso shall not have to make the $3,000 payment until the beneficiary provides both the W-9 and death certificate;

    c. Pay class counsel $80,000 in fees and $2,874.00 in costs (payable to the Law Office of John G. Adam, PLLC); and

    d. Provide class counsel with copies of communications and documents to the class members referred to in subsections (a)–(b) of the Agreement.

**IT IS FURTHER ORDERED THAT:**

1. Pursuant to the Agreement, this action is hereby **DISMISSED WITH PREJUDICE**;

2. The clerk shall **ENTER JUDGMENT ACCORDINGLY**; and

3. This case is hereby **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   December 6, 2021                             s/Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge